IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Thea Bostwick, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:08-cv-076 |
| | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| NVR, Inc., | : | ORDER DENYING MOTION TO |
| | : | DISMISS |
| Defendant. | : | |

      This matter comes before the Court on Defendant NVR, Inc.'s Motion to Dismiss Counts I Through IV of Plaintiffs' Complaint (doc. 4).  Plaintiffs Thea and Toby Bostwick have brought this suit against NVR, the parent company of Thea Bostwick's former employer, Ryan Homes. Thea Bostwick asserts in Counts I through IV of the Complaint that NVR is liable for employer intentional tort as a result of an attack upon her by a third-party assailant which occurred when she was working at a Ryan Homes' model home.[1]  Defendant asserts that Counts I through IV are barred by applicable statute of limitations and that the allegations therein fail to state a claim upon which relief can be granted.  For the reasons that follow, Defendant's motion is **DENIED**.

      The Court will not dismiss the Counts I through IV of the Complaint at this time.  To begin, the claims are not barred by the applicable statute of limitations.  The two-year limitations period for employer intentional torts governs Counts I through IV.  Funk v. Rent-All Mart, Inc., 91 Ohio St. 3d 78, 80, 742 N.E.2d 127 (2001).  The Bostwicks filed this suit on February 1,

---

[1] Thea Bostwick also asserts claims for breach of employment contract, disability discrimination, disability retaliation, hostile work environment, and violation of Ohio public policy in Counts V and VII through XI.  Finally, she and her husband, Toby Bostwick, assert a claim for loss of consortium in Counts VI.

2008, less than two years after Thea Bostwick was attacked on February 4, 2006.

Additionally, the claims are not barred for failure to state claims upon which relief can be granted.  The elements of an employer intentional tort under Ohio common law are as follows:

> (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task

Fyffe v. Jeno's, Inc. 59 Ohio St. 3d 115, 115, 570 N.E.2d 1108, at syllabus ¶ 1 (Ohio 1991); Pinkerton v. Thompson, 174 Ohio App. 3d 229, 240, 881 N.E.2d 880 (2007).[2]

Bostwick did not need to assert that NVR or its agents committed the tortious acts of battery, assault, intentional infliction of emotional distress, or false imprisonment that underlie the employer intentional tort claims stated in Counts I through IV.  Plainly, she asserts that the assailant committed the underlying tortious acts.  To state her claims against NVR for employer intentional tort, Bostwick was required to allege that NVR had knowledge of dangerous conditions at its model homes, that NVR had knowledge that harm to an employee was substantially certain to occur as a result of the dangerous conditions, and that NVR nonetheless continued to require its employees to work at the model homes under the dangerous conditions.

---

[2]  The Ohio General Assembly sought to codify employer intentional tort in O.R.C. § 2745.01. The statute recently was held unconstitutional by the Seventh District Court of Appeals of Ohio in Kaminski v. Metal & Wire Prods. Co.,175 Ohio App. 3d 227, 886 N.E.2d 262, ¶ 34 (2008).  This Court assumes that the statute is unconstitutional based on the Kaminiski decision in the absence of a "a strong showing that the state supreme court would act in a different manner." Derungs v. Wal-Mart Stores, Inc., 374 F.3d 428, 433 (6th Cir. 2004).  NVR has not made a showing at this point that the Ohio Supreme Court will reverse Kaminski and uphold the constitutionality of the statute.  Accordingly, the Court will apply Ohio common law as to the pleading standards for an employer intentional tort.

Bostwick has pleaded direct or inferential allegations with respect to all the material elements of an employer intentional tort claim.  See Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997) (setting forth pleading requirements generally).  Specifically, Bostwick has pleaded particular facts, not mere conclusions, upon which a jury could conclude that NVR "knew that injury to an employee was certain or substantially certain to result" at its model homes.  The allegations are sufficient to distinguish the case from Mitchell v. Lawson Milk Co., 40 Ohio St. 3d 190, 193, 532 N.E.2d 753 (1988) (setting forth pleading requirements for employer intentional torts), at this stage of the litigation.

For the foregoing reasons, Defendant NVR's Motion to Dismiss Counts I through IV of Plaintiffs' Complaint (doc. 4) is **DENIED**.

IT IS SO ORDERED.


                                         ___s/Susan J. Dlott_____
                                         Susan J. Dlott
                                         United States District Judge